1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   JOHN HOWARD MORRIS, III,

9              Petitioner,                No. CIV S-07-1771 MCE JFM P

10        vs.

11  ROSEANNE CAMPBELL, Warden,           ORDER

12             Respondent.

13  _____/

14             Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

15  corpus pursuant to 28 U.S.C. § 2254.  On March 18, 2008, respondent filed a motion to dismiss

16  on the ground that petitioner failed to exhaust state remedies.  Petitioner has filed an opposition.

17             In the instant action, petitioner challenges the 2005 decision of the California

18  Board of Prison Terms ("Board"), claiming the Board's violated his right to due process and

19  subjected him to double jeopardy when they denied parole based partially on "multiple victims."

20  (Pet. at 11.)  Petitioner contends he did not have "multiple victims" as one count of attempted

21  murder was dismissed in 1987 and he was found not guilty of attempted murder of the other

22  victim in a 1984 retrial.  (Id.)

23  I.  Procedural History

24             Petitioner filed a petition for writ of habeas corpus in the California Court of

25  Appeal, First Appellate District, which was denied without comment on April 20, 2006.  (Pet. at

26  18.)

1

1    Petitioner filed a habeas petition in the California Supreme Court on May 10,

2   2006, Case No. S143302.  (Pet. at 13-17.)  The California Supreme Court denied the petition en

3   banc on December 13, 2006 in an order citing In re Swain, 34 Cal.2d 300, 304 (1949) and People

4   v. Duvall, 9 Cal.4th 464, 474 (1995).

5    The exhaustion of state court remedies is a prerequisite to the granting of a

6   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

7   be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

8   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

9   providing the highest state court with a full and fair opportunity to consider all claims before

10  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

11  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

12   The state court has had an opportunity to rule on the merits when the petitioner

13  has fairly presented the claim to that court.  The fair presentation requirement is met where the

14  petitioner has described the operative facts and legal theory on which his claim is based.  Picard,

15  404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal

16  claim were before the state courts . . . or that a somewhat similar state-law claim was made."

17  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Instead,

18        [i]f state courts are to be given the opportunity to correct alleged
          violations of prisoners' federal rights, they must surely be alerted
19        to the fact that the prisoners are asserting claims under the United
          States Constitution.  If a habeas petitioner wishes to claim that an
20        evidentiary ruling at a state court trial denied him the due process
          of law guaranteed by the Fourteenth Amendment, he must say so,
21        not only in federal court, but in state court.

22  Duncan v. Henry, 513 U.S. 364, 365 (1995).  Accordingly, "a claim for relief in habeas corpus

23  must include reference to a specific federal constitutional guarantee, as well as a statement of the

24  facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996).

25  ───────────────

26      [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28
        U.S.C. § 2254(b)(2).

1   The United States Supreme Court has held that a federal district court may not entertain a

2   petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each

3   of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

4           As a general rule, a citation to People v. Duvall indicates that claims have not

5   been presented to the California Supreme Court with sufficient specificity and a dismissal on that

6   ground is without prejudice.  A habeas petition "should 'state fully and with particularity the

7   facts on which relief is sought.'"  Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005), citing

8   In re Swain, 34 Cal.2d 300 (1949).  However, the Ninth Circuit has held that a state court's denial

9   of a habeas petition for lack of particularity does not necessarily establish that state remedies

10  have not been exhausted.  Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir.1986).  Rather,

11  fair presentation requires only that the claims be pled with as much particularity as is practicable.

12  Kim, 799 F.2d at 1320.

13          In his opposition, petitioner states he raised all his claims in all three state courts:

14  the Sonoma County Superior Court, the California Court of Appeals, and the California Supreme

15  Court.  (Opp'n. at 2.)  However, he then states, "[a]ll claims were brought before each court with

16  the only difference being that less claims were brought before the California Supreme Court.  Not

17  one single claim brought before each court was new."  (Opp'n. at 2.)  Petitioner added:

18          Both the Sonoma County Superior Court and the California Court
            of Appeals read (or misread) petitioner's successive petitions as
19          petitions upon the original 1981 trial/sentencing not as a petition
            upon the 2005 parole hearing.
20

21  (Id.)  Petitioner argues he cannot make a court read a petition nor read it correctly, he can only

22  bring it to the court's attention.  (Id.)  Petitioner added that he brought this to the attention of the

23  California Supreme Court, who "treated the petition as if the claims had not been brought before

24  the lower courts."  (Id.)

25          The petition filed in the California Supreme Court sets forth the following ground

26  for relief:

> The State Board of Prison Terms, Sonoma County Superior Court
> and the Court of Appeals (First Appellate District, Division Three)
> erred by allowing an illegal witness/victim violating my due
> process right(s).

(Pet. at 4.)  Petitioner provided the following supporting facts:

> In April of '05 I appeared before the Board of Prison Terms for a
> 5th Parole Hearing.  As of both 1984 and 1987 the two (2)
> attempted murders I was convicted (1981) of was, respectfully [sic]
> . . . (1) found not guilty in my (1981) conviction yet the Board of
> Prison Terms (and both courts) used the (now not a victim) victim
> to both witness to my attempted murders and as an excuse (reason)
> to deny my parole.  As I'm no longer convicted of attempted
> murder using the "victim" to deny parole ("multiple victims")
> when I no longer have "multiple victims" is illegal.  The use of
> said "victim" is illegal since I am no longer, under the law,
> convicted of doing anything to the "victim."  Neither Court
> directed an answer to that (responses are moot) and, point of fact,
> . . . ignored it.

(Pet. at 4.)

While not entirely clear, it appears petitioner contends the Board violated his due

process rights by considering the testimony of an alleged victim witness despite a subsequent

reversal in sentencing by the state trial court in connection with that alleged victim witness.  The

state petition was sparse in that petitioner failed to name the alleged victim witness and did not

provide that portion of the Board's decision that relied on the alleged victim witness' statement

in denying petitioner parole.

Petitioner has provided sentencing documents that identify how petitioner was

sentenced in 1984 and resentenced in 1987.  (Pet. at 27, 26.)  The Sonoma County Superior

Court issued a report and sentencing on October 19, 1984, sentencing petitioner as follows:

Petitioner was sentenced to fifteen years to life for second degree murder, Cal.

Penal Code Section 1987 (Count I).  That sentence was enhanced pursuant to Cal. Penal Code

Section 12022.5 based on petitioner's personal use of a firearm, and sentenced to an additional

two years in state prison, to be served consecutively with the sentence in Count I.  Petitioner was

sentenced to the upper term of nine years for a violation of Cal. Penal Code 664/187, attempted

1   murder (Count II).  That sentence was enhanced pursuant to Cal. Penal Code Section 12022.7,

2   based on great bodily injury, and sentenced to an additional three years, to be served

3   consecutively.  The sentence on Count II was also enhanced by petitioner's use of a firearm, in

4   violation of Cal. Penal Code Section 12022.5, which was stayed.  Petitioner was also sentenced

5   to the middle term of four years for violation of Health and Safety Code Section 11361,

6   furnishing marijuana to a minor (Count IV), which was ordered to be served consecutively to the

7   term imposed in Count II.

8           On December 10, 1987, petitioner was re-sentenced to a total indeterminate

9   sentence of fifteen years to life plus two years as to Count I, and a total determinate sentence as

10  to Counts IV and V was set at four years.  (Pet. at 26.)

11          The instant petition contains the same due process claim that was exhausted in the

12  California Supreme Court, but petitioner has included a double jeopardy challenge.  Since the

13  state court petition did not mention a double jeopardy claim, that claim is unexhausted and

14  should be dismissed.  However, because petitioner challenged the Board's denial of parole based

15  on the alleged due process violation described above, this court finds that the petition presented

16  to the California Supreme Court fairly provided the state court with the operative facts and legal

17  theory on which petitioner's federal claim is based.  Since there was only one victim who

18  survived, it was not necessary for petitioner to identify the alleged victim witness by name.

19  (Motion, Ex. 2, at 3.)  The state petition reflected that petitioner was challenging the 2005 Board

20  decision to deny parole because it was erroneously based, in part, on an alleged victim witness'

21  testimony.

22          Because this court finds that petitioner pled his claim with sufficient particularity

23  to satisfy the exhaustion requirement as to the due process claim, but the double jeopardy claim

24  is not exhausted, the petition is a mixed petition containing both exhausted and unexhausted

25  /////

26  /////

5

1  claims and must be dismissed.  Good cause appearing, petitioner will be granted thirty days to

2  file an amended petition raising only the exhausted due process claim.[2]

3                    In accordance with the above, IT IS HEREBY ORDERED that:

4                    1.  Respondents' March 18, 2008 motion to dismiss is partially granted;

5                    2.  Petitioner's petition for a writ of habeas corpus is dismissed; and

6                    3.  Petitioner is granted thirty days from the date of this order to file an amended

7  petition raising only the exhausted due process claim.  Failure to comply with this order will

8  result in a recommendation that this action be dismissed without prejudice.

9  DATED:  April 22, 2008.

10

11                                         _____
                                           UNITED STATES MAGISTRATE JUDGE
12

13  001;morr1771.mtd

14

15

16

17

18

19

20

21  _____

22  [2]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only
    exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any
23  other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at
    520-21; Rule 9(b), Rules Governing Section 2254 Cases.
24          Petitioner is further cautioned that the habeas corpus statute imposes a one year statute
    of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the
25  one year period will start to run on the date on which the state court judgment became final by
    the conclusion of direct review or the expiration of time for seeking direct review, although the
26  statute of limitations is tolled while a properly filed application for state post-conviction or other
    collateral review is pending.  28 U.S.C. § 2244(d).